UNITED STATES, Appellee,

v.

Private First Class Michael R. DALTON, SSN 379–82–4741, United States Army, Appellant.

SPCM 20218.

U.S. Army Court of Military Review.

31 Oct. 1984.

Lieutenant Colonel William P. Heaston, JAGC, and Captain Harry L. Williams, Jr., JAGC, were on the pleadings for appellant.

Colonel James Kucera, JAGC, Lieutenant Colonel John T. Edwards, JAGC, and Captain Thomas E. Booth, JAGC, were on the pleadings for appellee.

Before WOLD, NAUGHTON and COHEN, Appellate Military Judges.

## OPINION OF THE COURT

NAUGHTON, Judge:

Consistent with his pleas, appellant was convicted by a military judge sitting as a special court-martial of larceny (four specifications) in violation of Article 121, Uniform Code of Military Justice, 10 U.S.C. § 921 (1982). The convening authority approved appellant's sentence to a bad-conduct discharge, confinement at hard labor for three months, forfeiture of $380.00 pay per month for three months, and reduction to the grade of Private E–1.

Appellant contends that the military judge erred by admitting into evidence eighteen enclosures to a bar to reenlistment for consideration in sentencing. We do not agree.

After findings, the trial counsel offered into evidence Prosecution Exhibit 4 for identification, a record of nonjudicial punishment. Initially, trial defense counsel did not object to this exhibit, but after the military judge noted that the exhibit appeared to be incomplete because the contin-

uation sheet was missing, the trial defense counsel objected to its admission. The military judge sustained the objection. The trial counsel next offered Prosecution Exhibit 5, a bar to reenlistment certificate containing eighteen enclosures. These enclosures included counseling statements, a military police report, a copy of Prosecution Exhibit 4 for identification, and other evidence of misconduct. Trial defense counsel did not object to the "basic bar to reenlistment" but objected "to all these supporting documents" on the ground that they were uncharged misconduct. Trial defense counsel made no specific objection to the record of nonjudicial punishment enclosed with the bar to reenlistment certificate, nor did he raise the issues decided in *United States v. Brown*, 11 M.J. 263 (C.M. A.1981), as a basis for his objection to the enclosures to the certificate. Prosecution Exhibit 5 with its eighteen enclosures was admitted by the military judge. The military judge was apparently unaware of the presence of the copy of Prosecution Exhibit 4 in the sheaf of enclosures when he overruled trial defense counsel's objection to the enclosures.

■ On appeal, appellant submits that the admission of these enclosures was erroneous on two grounds: (1) It allowed the trial counsel to place before the court a record of nonjudicial punishment that had already been held inadmissible, *see United States v. Brown*, 11 M.J. at 266, and (2) the enclosures to the bar to reenlistment allowed the Government to parade unrelated and uncharged misconduct before the court. As to the first ground, we believe *United States v. Brown* is distinguishable. *Brown* involved a trial with members; appellant's case was tried by a military judge alone. Unlike members of a court-martial, a military judge is trained in the law of evidence. Absent some showing of abuse of his judicial role, a military judge is presumed to act as he says he will. *United States v. McConnico*, 7 M.J. 302, 304, n. 4 (C.M.A.1979). In this case, we presume that the military judge arrived at an appropriate sentence without considering the copy of the inadmissible record of nonjudi-

cial punishment, particularly since it was the military judge who had pointed out to trial defense counsel the grounds for objection to Prosecution Exhibit 4 for identification, the original record of nonjudicial punishment.

■ As to the second ground, paragraph 76, Manual for Courts-Martial, United States, 1969 (Revised edition), Change 5 (1981) [hereinafter cited as Manual], provides that "the court may consider evidence of other offenses or *acts of misconduct* which were *properly introduced* in the case...." (Emphasis added). Paragraph 75*b* (2); Manual, makes admissible personnel records maintained in accordance with departmental regulations which reflect "the past military efficiency, conduct, performance, and history of the accused." Bars to reenlistment fall within this category of records. Paragraph 2–20*b* (7), Army Regulation 27–10, *Military Justice—Legal Services*, Change 20, 15 August 1980. Thus the fact that the enclosures to the bar to reenlistment contained evidence of uncharged misconduct did not constitute a valid basis for denying their admission into evidence.

■ The remaining question is whether enclosures to a basic Bar to Reenlistment Certificate (Dept. of Army Form 4126–R) are admissible as part of the certificate. On two grounds, we hold that they are. First, paragraph 6–5*b*, Army Regulation 601–280, *Army Reenlistment Program*, 15 June 1983, requires a commander submitting a bar to reenlistment to "summarize the basis for his intent to initiate bar to reenlistment procedures," including "the number and dates of courts-martial, incidents of punishment under Article 15, *and all other factual and relevant data supporting his recommendation.*" (Emphasis supplied). Information required to be summarized on a form is obviously equally admissible if appended to the form as an enclosure. As with the rule against hearsay, the provisions of the Manual are not rules against common sense. *Cf. Dallas County v. Commercial Union Assurance*

*Co.,* 286 F.2d 388 (5th Cir.1961). Second, we believe that the same concern for common sense indicates that when enclosures are attached to a document in the course of processing the transaction involved, the enclosures become part of the document. Under this view of what constitutes a "document" or "record," the enclosures were maintained in accordance with departmental regulations and were thus properly admitted.

The findings of guilty and the sentence are affirmed.

Senior Judge WOLD and Judge COHEN concur.